STATE of Iowa, Appellee,

v.

**Shawn Patrick PINK, Appellant.**

No. 00–1123.

Supreme Court of Iowa.

July 17, 2002.

Matthew S. Sheeley of Parrish, Kruidenier, Moss, Dunn, Montgomery & Boles, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, David C. Thompson, County Attorney, and Anthony H. Janney, Assistant County Attorney, for appellee.

PER CURIAM.

This is an appeal by defendant, Shawn Pink, from judgment and sentence en-

tered upon his convictions for third-offense operating while intoxicated (OWI), interference with official acts, and failure to yield to an emergency vehicle. The only question is whether the trial court should have sustained a pretrial motion to suppress evidence bearing on the OWI charge. We granted the State's application for further review to consider its challenge to the court of appeals' decision that an officer's warrantless entry into Pink's residence (following Pink's refusal to heed the officer's direction to stop) rendered the evidence of intoxication obtained there inadmissible. We now vacate the court of appeals' decision and affirm defendant's convictions.

**I.** Our review of the facts is de novo. *State v. Countryman,* 572 N.W.2d 553, 557 (Iowa 1997).

Authorities had been alerted by a citizen after Pink followed a carload of teenagers to a residence in Vinton, Iowa, and caused a disturbance there. The teenagers reported Pink had been driving erratically with his bright lights on, and they believed he had been drinking. A police dispatcher received the call and advised deputy John Wayne Austin that Pink was the owner of the pickup involved and that Pink's home was approximately "a mile and a half south of the intersection of highway 218 and highway 30 in Benton County." Austin drove to that intersection and observed Pink's vehicle proceed across the intersection and southward toward his home.

Austin activated his red lights and followed Pink's vehicle, which was a half-mile ahead and speeding up considerably. Austin was unable to close the distance between them even when driving seventy miles per hour. The officer then turned on his white sweeping light to get Pink's attention, but Pink still did not slow down before reaching his driveway where he parked and left his vehicle. Austin pulled into the driveway just as Pink approached a screened-in porch area of his home. Austin called, "Stop. I want to talk to you." Pink looked back at him but continued to enter his home. Austin again demanded he stop and was again ignored.

Austin then entered the porch area of the home and knocked on the door leading into the kitchen. Pink's girlfriend opened the door and Austin told her he needed to talk to the driver of the vehicle, stating, "I'm coming in there to talk to him myself." The girlfriend told Austin that Pink was in the bathroom. Austin then stepped into the kitchen and waited for Pink to come out. After approximately twenty minutes Austin told the girlfriend, "I'm going in there after him." The girlfriend reported this to Pink who shortly emerged from the bathroom.

In the challenged evidence, Austin testified the odor of alcohol on Pink's breath was strong and immediately noticeable. Pink's speech was slurred and his eyes were bloodshot and watery. Austin asked him whether he had been drinking since he entered the house and Pink reported he had not. Pink failed a number of sobriety tests and was placed under arrest.

**II.** Based on the foregoing, the State charged Pink with third-offense operating a motor vehicle while intoxicated in violation of Iowa Code section 321J.2 (1999), interference with official acts in violation of Iowa Code section 719.1, and failure to yield to an emergency vehicle in violation of Iowa Code section 321.324. He was convicted following a trial to the court on a stipulated record. His appeal stands or falls on his motion to suppress. If it was properly overruled, there was ample evidence to support the conviction. If it should have been sustained, the appeal must be reversed. We think the ruling was correct.

**III.** The facts here closely resemble those in *State v. Legg,* 633 N.W.2d 763 (Iowa 2001), in which we held a warrantless search in an attached garage—a curtilage of defendant's home—by an officer in hot pursuit did not constitute a violation of the Fourth Amendment. In *Legg,* as in the case before us, the defendant speeded up her car while the officer pursued her vehicle with lights activated. We held this gave the officer reasonable grounds to arrest her for the crime of interference with official acts under Iowa Code section 719.1. *Legg,* 633 N.W.2d at 772. A difference is that the officer in *Legg* personally observed the initial traffic violation (running a stop sign) whereas Austin relied on a citizen's observance of Pink's violation. The distinction is not controlling. *State v. Walshire,* 634 N.W.2d 625, 630 (Iowa 2001) (officer's hot pursuit triggered by informant who observed drunk driver). As in *Legg,* the intrusion here was peaceful and limited "to that which was necessary to allow the officer to speak with" the defendant. *See Legg,* 633 N.W.2d at 773.

The district court correctly found no Fourth Amendment violation requiring suppression of the evidence of Pink's intoxication. We therefore vacate the contrary decision of the court of appeals and affirm the district court's judgment in its entirety.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except STREIT, J., who takes no part.